UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALLSTATE INSURANCE COMPANY,
Plaintiff-Appellant,

v.                                                              No. 98-2222

JASON LEE SLOAN,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
Glen M. Williams, Senior District Judge.
(CA-97-205-B, CA-97-220-B)

Submitted: April 30, 1999

Decided: May 19, 1999

Before WIDENER, MURNAGHAN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James N.L. Humphreys, Robert M. Hadden, HUNTER, SMITH &
DAVIS, L.L.P., Kingsport, Tennessee, for Appellant. Donald E.
Earls, J. Brent Fleming, EARLS & FLEMING, Norton, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Allstate Insurance Company (Allstate) appeals from judgment entered in favor of Jason Lee Sloan in its action seeking declaratory judgment. We affirm.

Allstate filed a complaint for declaratory judgment against Sloan, alleging that Sloan failed to cooperate in the processing of his claim and that he misrepresented a material fact, i.e. , that he misrepresented his primary residence in both his application for an insurance policy and in his presentation of a claim under that policy. Sloan counter-claimed, alleging breach of contract and defamation. At the close of Plaintiff's case, Allstate moved for judgment as a matter of law. The district court denied this motion and, at the close of Defendant's case, allowed the case to go to the jury. The jury returned a verdict in favor of Sloan. On appeal, Allstate contends that the district court erred in denying its motion for judgment as a matter of law as to the issues of Sloan's alleged misrepresentations and his failure to cooperate as required by the policy.

On appeal, an order regarding a directed verdict is reviewed de novo. See Parker v. Prudential Ins. Co. of Am. , 900 F.2d 772, 776 (4th Cir. 1996). The district court must direct a verdict if, without weighing the evidence or considering the credibility of the witnesses, it finds that a reasonable jury could reach but one conclusion or that a verdict in favor of the non-moving party would necessarily be based upon speculation and conjecture. See Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir. 1985). If, however the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created and a motion for a directed verdict should be denied. In making this determination, the evidence and all reasonable inferences therefrom are reviewed in the light most favorable to the non-moving party. See Hofherr v. Dart Indus., Inc., 853 F.2d 259, 261-62 (4th Cir. 1988).

Reviewing the evidence under this standard, we conclude that the district court properly denied Allstate's motion. We therefore affirm. We dispense with oral argument because the facts and legal conten-

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3